**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JORGE GOMEZ-ORTIZ,

                                        Plaintiff,

v.

CITY OF SAN DIEGO; and SDPD
SERGEANT JASON GONZALEZ, in his
individual capacity,

                                        Defendants.

Case No.:  3:26-cv-00367-H-MMP

**ORDER:**
**(1) DENYING DEFENDANT CITY OF SAN DIEGO'S MOTION TO DISMISS;**
**(2) GRANTING IN PART DEFENDANT CITY OF SAN DIEGO'S MOTION TO STRIKE; AND**
**(3) DENYING DEFENDANT GONZALEZ'S MOTION TO DISMISS**

[Doc. No. 6; Doc. No. 9]

On January 21, 2026, Plaintiff Jorge Gomez-Ortiz filed a civil action against Defendants City of San Diego ("San Diego") and San Diego Police Department Sergeant Jason Gonzalez ("Gonzalez") in United States District Court, Southern District of California.  (Doc. No. 1, Compl.)  On February 13, 2026, Defendant San Diego filed a motion to dismiss and strike portions of the complaint.  (Doc. No. 4; Doc. No. 6.)  On March 17, 2026, Defendant Gonzalez filed a motion to dismiss.  (Doc. No. 9.)  On April 28, 2026, Plaintiff filed its consolidated opposition to both motions.  (Doc. No. 10.)  On May 4, 2026, Defendants filed their consolidated reply.  (Doc. No. 11.)  On May 11, 2026,

the parties argued their motions before the Court.  (Doc. No. 14.)  For the reasons set forth below, the Court **DENIES** Defendant San Diego's motion to dismiss, **GRANTS IN PART** Defendant San Diego's motion to strike, and **DENIES** Defendant Gonzalez's motion to dismiss.

### Background

On January 21, 2026, Plaintiff filed a civil action against Defendants alleging four claims: violation of 42 U.S.C. § 1983, violation of Cal. Gov. Code § 52.1 ("Bane Act"), battery, and negligence.  (Doc. No. 1, Compl., ¶¶ 60–101.)  Plaintiff seeks compensatory damages, punitive damages, exemplary damages, civil penalties, attorneys fees and costs, and all other awards permitted under Cal. Civ. Proc. §§ 377.20, 377.60, 1021.5.  (Doc. No. 1, Compl.)  By the present motions, Defendants seek to dismiss and strike portions of Plaintiff's complaint.  (Doc. No. 4; Doc. No. 9.)

The following background is taken from the allegations in Plaintiff's complaint, alleged to have occurred from January 25, 2026 to January 26, 2026.  (Doc. No. 1, Compl., ¶ 13.)  Plaintiff was engaged in a verbal dispute with a group of individuals outside of a bar when Defendant Gonzalez and other SDPD officers arrived and yelled "back up."  (Doc. No. 1, Compl., ¶¶ 13–18.)  Plaintiff immediately complied with the command and stepped away from the group.  (Doc. No. 1, Compl., ¶ 19.)  Plaintiff began walking away from the verbal altercation.  (Doc. No. 1, Compl., ¶ 23.)  Defendant Gonzalez yelled "go" and shoved a man in front of Plaintiff into him, knocking Plaintiff off balance.  (Doc. No. 1, Compl., ¶¶ 23–26.)  Defendant Gonzalez then grabbed Plaintiff's shirt collar with his left hand and punched Plaintiff on the face with his right hand.  (Doc. No. 1, Compl., ¶ 30.)  Plaintiff alleges that Defendant Gonzalez believed he said "Fuck the Cops."  (Doc. No. 1, Compl., ¶ 33.)  Defendant Gonzalez grabbed Plaintiff by the face, threw him to the ground, and sat on top of him.  (Doc. No. 1, Compl., ¶ 38.)  While prone, Plaintiff repeatedly asked why he had been punched in the face.  (Doc. No. 1, Compl., ¶ 40.)  Plaintiff states he was held in this position for multiple minutes.  (Doc. No. 1, Compl., ¶ 41.)  Defendant Gonzalez

injured Plaintiff with his punch, causing disorientation, facial injuries, and the loss of two teeth. (Doc. No. 1, Compl., ¶ 37.) Plaintiff alleges that any perceived resistance following the punch was the direct result of the pain and disorientation from being punched. (Doc. No. 1, Compl., ¶ 42.) Plaintiff's ankle was injured and he struggled to breathe. (Doc. No. 1, Compl., ¶ 43.)

Plaintiff states that throughout this interaction, he was dispersing, not exhibiting any violent or dangerous behavior, and not making any threats, implicit or explicit. (Doc. No. 1, Compl., ¶¶ 28; 31–32.) Defendant Gonzalez later falsely claimed that Plaintiff assumed a fighting stance and that he clenched his fists preparing to strike Defendant Gonzalez. (Doc. No. 1, Compl., ¶¶ 45–47.) The officers jailed Plaintiff overnight and did not attempt to locate his fallen teeth or seek medical help. (Doc. No. 1, Compl., ¶¶ 49; 52.) Plaintiff alleges that he suffered substantial physical injuries, trauma, stress, and pain. (Doc. No. 1, Compl., ¶ 51.) Plaintiff also alleges that he was unable to work because of this incident and will need specialized dental care and dental prosthetics. (Doc. No. 1, Compl., ¶ 51.)

## Discussion

### I.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and authorizes dismissal of a complaint if it lacks "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion to dismiss, the court must "accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." Los Angeles Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 800 (9th Cir. 2017) (quoting AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)). But a court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice." Id. at 678 (quoting Twombly, 550 U.S. at 555).

## II.    Analysis

Defendant San Diego moves to dismiss Plaintiff's negligence claim and prayers for relief.  (Doc. No. 4.)  Defendant Gonzalez challenges the sufficiency of Plaintiff's allegations on the retaliation and fabrication of evidence claims.  (Doc. No. 9.)

### A. Negligence Claim Against Defendant San Diego

Defendant San Diego argues that Plaintiff's negligence claim should be dismissed because public entities cannot be held directly liable for common law negligence.  (Doc. No. 4.)  However, Plaintiff acknowledges in his briefing that he is seeking vicarious liability, not direct liability, against Defendant San Diego under Cal. Gov't Code § 815.2. (Doc. No. 10.)  Plaintiff adequately states this claim in his complaint, alleging: "[p]ursuant to California Government Code § 815.2, the City is also vicariously liable to Plaintiff for [Defendant Gonzalez's negligence]."  (Doc. No. 1, Compl., ¶ 58.)  Plaintiff incorporates this allegation under his negligence cause of action and further alleges that "[t]he City is vicariously liable for the conduct of defendant employee acting within the scope of their employment." (Doc. No. 1, Compl., ¶¶ 89; 99.)  Plaintiff does not pursue a direct liability claim, but adequately pleads a vicarious liability cause of action against the City of San Diego.  The Court thus denies Defendant San Diego's motion to dismiss the negligence claim.[1]

### B. Prayers for Relief Against Defendant San Diego

Defendant San Diego challenges Plaintiff's prayers for relief.    Specifically, Defendant seeks to strike Plaintiff's prayers for punitive damages, treble damages,

---

[1] Defendant San Diego also argues that Plaintiff's negligence claim should be dismissed because Cal. Gov't Code § 7286.5 does not provide a right of action and, if it did, Plaintiff does not adequately plead a claim under it.  (Doc. No. 4.)  The Court need not resolve these challenges at this time because Plaintiff does not bring a stand-alone claim under Section 7286.5 and Defendant did not move to strike Section 7286.5.  Additionally, Section 7286.5 is relevant to the standard of care for the negligence claim.

exemplary damages, and civil penalties.  (Doc. No. 4.)

### a.  Prayer for Punitive Damages

First, Defendant San Diego moves to strike Plaintiff's punitive damages prayer.  But Plaintiff's complaint clearly states in paragraph 59, "Plaintiff makes no claim for punitive damages against the City."  (Doc. No. 1, Compl., ¶ 59.)   The paragraphs reference "Defendant Gonzalez" or "[t]he individual defendant." (Doc. No. 1, Compl., ¶¶ 80, 87, 100.)  The Court therefore denies Defendant San Diego's motion to strike as moot since the only prayer for punitive damages is as to Defendant Gonzalez.

### b.  Prayers for Exemplary Damages, Civil Penalties, and Treble Damages

Second, Defendant San Diego requests that the Court strike Plaintiff's prayers for exemplary damages, treble damages, and civil penalties under the Bane Act against the City of San Diego.  (Doc. No. 4.)  The Court grants in part Defendant's motion.  The Court strikes Plaintiff's prayers for exemplary damages and treble damages against Defendant San Diego but leaves Plaintiff's prayer for civil penalties against Defendant San Diego.

Cal. Gov't Code § 818 states that "a public entity is not liable for . . . damages imposed primarily for the sake of example and by way of punishing the defendant."  Cal. Gov't Code § 818.  The Court strikes Plaintiff's prayer for exemplary damages because the California Supreme Court has held that Section 818 bars awards of exemplary damages against public entities.  Los Angeles Unified School Dist. v. Superior Court, 14 Cal.5th 758, 768 (2023) ("[Section 818] immunizes public entities from . . . damages that would function, in essence, as an award of punitive or exemplary damages.").  Further, California courts have endorsed the default rule that statutory immunities override statutes imposing liability absent a "clear indication of legislative intent that statutory immunity is withheld or withdrawn."  O'Toole v. Superior Court, 140 Cal.App.4th 488, 504 (2006) (quoting Caldwell v. Montoya, 10 Cal.4th 972, 986 (1995)).  No such exemption applies here. Because exemplary damages under the Bane Act are punitive in nature and are not exempted from Section 818, the Court grants Defendant's motion to strike Plaintiff's

3:26-cv-00367-H-MMP

prayer for exemplary damages against the City of San Diego.

The Court also grants Defendant's motion to strike Plaintiff's prayer for treble damages against Defendant San Diego.  The California Supreme Court held that treble damages can be punitive or nonpunitive depending on an "intensely fact-based inquiry that may vary statute-to-statute." Los Angeles Unified School Dist., 14 Cal.5th at 778 (quoting Alea London Ltd. v. American Home Services, Inc., 638 F.3d 768, 777 (11th Cir. 2011)). The California Supreme Court previously characterized treble damages under the Bane Act as "reveal[ing] a desire to punish." Harris v. Cap. Growth Invs. XIV, 52 Cal.3d 1142, 1172 (1991) (dicta).  Numerous federal district courts have relied on this dicta in coming to the same conclusion that the Bane Act's treble damages are punitive in nature.  Archibald v. Cnty. of San Bernardino, 2018 WL 8949779, at *1 (C.D. Cal. May 10, 2018); C.O. v. Cnty. of Kern, 2022 WL 286544, at *6 (E.D. Cal. Jan. 31, 2022); Jefferson v. City of Fremont, 2012 WL 1534913, at *7 (N.D. Cal. Apr. 30, 2012).  Because the Bane Act's treble damages bear the "hallmarks of punitive damages" that bar its use against public entities, the Court strikes Plaintiff's prayer for treble damages against the City of San Diego. Archibald, 2018 WL 8949779, at *1 (C.D. Cal. May 10, 2018).

Finally, the Court denies Defendant San Diego's motion to strike Plaintiff's prayer for civil penalties.  The California Supreme Court held that the civil penalties prescribed by the Bane Act are not punitive in nature and are thus not barred by Section 818.  Los Angeles Unified School Dist., 14 Cal.5th at 789.  Lower California courts have long endorsed this interpretation. K.M. v. Grossmont Union High School Dist., 84 Cal.App.5th 717, 747 (2022) (citing Los Angeles Cty. Metro. Transportation Authority v. Superior Court, 123 Cal.App.4th 261, 275–76 (2004) (outlining the differences between exemplary damages and civil penalties, including their different standards of proof, level of discretion, and consideration of financial condition)).  The Court denies Defendant San Diego's request to strike Plaintiff's prayer for civil penalties.

### C. Retaliation Claim Against Defendant Gonzalez

Defendant Gonzalez moves to dismiss Plaintiff's First Amendment retaliation claim.

3:26-cv-00367-H-MMP

(Doc. No. 9.) Defendant Gonzalez argues that the retaliation claim relies on tenuous factual inferences, fails to allege retaliatory animus as a but-for cause of Plaintiff's injury, fails to allege the absence of probable cause otherwise justifying Defendant Gonzalez's arrest, and fails to allege that Plaintiff engaged in constitutionally protected speech. (Doc. No. 9.)

Federal pleading rules require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). To validly plead a First Amendment retaliation claim, Plaintiff must allege "that (1) he was engaged in a constitutionally protected activity; (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." Capp v. Cty. of San Diego, 940 F.3d 1046, 1053 (9th Cir. 2019) (quoting O'Brien v. Welty, 818 F.3d 920, 932 (9th Cir. 2016)). Plaintiff's complaint, when accepted "as true and construed [] in the light most favorable to the plaintiff," pleads sufficient facts to survive the motion to dismiss. Los Angeles Lakers, 869 F.3d at 800. Plaintiff alleges that he engaged in the constitutionally protected activity of voicing his displeasure with Defendant Gonzalez. (Doc. No. 1, Compl., ¶¶ 33–34; 61; 64.) Plaintiff's allegations about Defendant Gonzalez's physical response suggest that a person of ordinary firmness would be chilled. And Plaintiff alleges that the protected speech triggered Defendant Gonzalez's retaliation. (Doc. No. 1, Compl., ¶ 34 ("Immediately after hearing "Fuck the Cops," Sergeant Gonzalez grabbed Plaintiff and punched Plaintiff as hard as he could in the mouth.").) These allegations are sufficient to state a claim for retaliation. Defendant Gonzalez's arguments for dismissal are better suited for a motion for summary judgment when the record is more fully developed. The Court therefore denies Defendant Gonzalez's motion to dismiss the retaliation claim.

### D. Fabrication Claim Against Defendant Gonzalez

Defendant Gonzalez also moves to dismiss Plaintiff's fabrication of evidence claim. (Doc. No. 9.) Defendant Gonzalez asserts that the complaint fails to plead the causal connection between the fabricated report and the resulting charges. (Doc. No. 11.)

To plausibly allege a claim for fabrication of evidence, Plaintiff must plead that Defendant Gonzalez deliberately fabricated evidence and that the deliberate fabrication caused Plaintiff's deprivation of liberty. Spencer v. Peters, 857 F.3d 789, 798 (9th Cir. 2017) (citing Costanich v. Dep't of Soc. & Health Servs., 627 F.3d 1101, 1111 (9th Cir. 2010)). Plaintiff's complaint, when accepted "as true and construed [] in the light most favorable to the plaintiff," pleads sufficient facts to state a fabrication of evidence claim. Los Angeles Lakers, 869 F.3d at 800. Plaintiff alleges Defendant Gonzalez fabricated evidence that Plaintiff was threatening violence against the officers. (Doc. No. 1, Compl., ¶¶ 45–47; 65.) Plaintiff further alleges that these claims were fabricated to support inflated criminal charges and a felony arrest. (Doc. No. 1, Compl., ¶ 47.) Plaintiff's complaint also plainly states that officers jailed him overnight and filed charges that were later dismissed. (Doc. No. 1, Compl., ¶¶ 49–50.) These allegations are sufficient to state a claim for fabrication of evidence. Defendant Gonzalez's arguments are better suited for a motion for summary judgment when the record is more fully developed. The Court therefore denies Defendant Gonzalez's motion to dismiss the fabrication of evidence claim.

## Conclusion

For the foregoing reasons, the Court **DENIES** Defendant San Diego's motion to dismiss the negligence claim. The Court **GRANTS** Defendant San Diego's motion to strike Plaintiff's prayers for exemplary and treble damages against Defendant San Diego but **DENIES** Defendant's motion to strike Plaintiff's prayers for punitive damages and civil penalties. The Court **DENIES** Defendant Gonzalez's motion to dismiss the retaliation and fabrication of evidence claims. The Court orders defendants to file their answers within 30 days of the date of this order.

**IT IS SO ORDERED.**

DATED: May 12, 2026

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT