UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JORGE GOMEZ-ORTIZ,

Plaintiff,

v.

CITY OF SAN DIEGO, et al.,

Defendants.

Case No.: 26-cv-0367-H-MMP

**ORDER GRANTING JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER AS MODIFIED**

[ECF No. 30]

The parties jointly move for entry of a Stipulated Protective Order. ECF No. 30. For good cause, the Court **GRANTS** the joint motion and enters the stipulated protective order as submitted by the parties with modifications to paragraphs 1(f), 10, and 12. For clarity, nothing in this Stipulated Protective Order modifies the Court's meet and confer requirements in its Civil Chambers Rules III and X(A).

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are normally kept confidential, implicate statutory confidentiality protections, and other interests of the parties as well as third parties that may warrant protection under Federal Rule of Civil

Procedure 26(c). The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials — including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial or deposition testimony, and transcripts of trial testimony or depositions, including data, summaries, and compilations derived therefrom — that falls within one of the categories and materials set forth in this Paragraph and that the designating party in good faith believes qualifies for protection under Federal Rule of Civil Procedure 26(c).

a. The parties recognize that documents and information related to personnel and employment-file records, peace officer personnel records, records of citizen complaints, and administrative investigations are confidential under California Penal Code sections 832.5, 832.7, and 832.8 and, in state court, are obtainable only by noticed motion under California Evidence Code sections 1043 and 1045. The parties further recognize that this federal action is governed by federal law, that the state confidentiality statutes and the state discovery procedure do not bind this Court, and that the parties wish to avoid the burden of motion practice for records the parties agree should be produced. Accordingly, the producing party may produce such records that remain confidential under state law subject to this Order and designate them "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," in lieu of requiring a noticed motion, without waiving any objection preserved by Paragraphs 16 through 19. Information that has been made available to the public, including materials released under the California Public Records Act, is not confidential information under this Order.

b. The "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" designations of such records govern their treatment in discovery but do not themselves require the parties to file the records under seal; any sealing is governed by the standards and procedures set forth in Paragraphs 10 through 11.

c. The term "materials" will include documents, correspondence, memoranda, records, reports, electronically stored information, recordings, photographs, video recordings, audio recordings (including body-worn camera footage), transcripts, sketches, drawings, notes, other writings, and/or tangible things.

d. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

- Marcus S. Bourassa and Timothy A. Scott, MCKENZIE SCOTT PC, Attorneys for Plaintiff JORGE GOMEZ-ORTIZ.
- Christie B. Swiss, Adam A. Ainslie, and Cristina I. Butoiu, Collins + Collins LLP, Attorneys for Defendants Microsoft Corporation.
- "Counsel" also includes in-house attorneys for Defendant City.

e. This Paragraph does not waive any party's rights or objections to information whose disclosure is otherwise restricted by law.

f. If there is any ambiguity as to whether specific information or materials qualify as confidential, the parties will meet and confer via telephone, videoconference, or in person, and in accordance with Judge Pettit's Civil Chambers Rules before or promptly after production.

GENERAL RULES

2. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial or deposition testimony, and transcripts of trial testimony or depositions, or information that the producing party believes

should be subject to this Order may designate the same as “CONFIDENTIAL” or “CONFIDENTIAL – FOR COUNSEL ONLY.”

a. Designation as “CONFIDENTIAL” or “CONFIDENTIAL – FOR COUNSEL ONLY”: Any party or non-party subject to this Order may only designate documents or other information in this action as “CONFIDENTIAL” or “CONFIDENTIAL – FOR COUNSEL ONLY” if (i) the material falls within one of the categories identified in Paragraph 1 above, and (ii) the designating party or non-party has a good faith basis to believe that the specific document and/or information qualifies for protection under Federal Rule of Civil Procedure 26(c). Designations must be made on a document-by-document basis or as to specifically identified categories of documents; blanket or indiscriminate designations are not permitted.

b. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking materials as “CONFIDENTIAL” or “CONFIDENTIAL – FOR COUNSEL ONLY.”

3. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection only, and solely as to materials the producing party in good faith anticipates designating within one of the categories identified in Paragraph 1 above, such materials will be considered as “CONFIDENTIAL – FOR COUNSEL ONLY,” and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

/ /

/ /

/ /

4. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

a. The deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party will have until fourteen (14) calendar days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY;

b. The disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraph 7 below; and

c. The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

5. All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

6. Information designated "CONFIDENTIAL – FOR COUNSEL ONLY" must be viewed only by counsel, as defined in Paragraph 1(d), of the receiving party, and by independent

experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) calendar days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the fourteen (14) -day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

7. Information designated "CONFIDENTIAL" must be viewed only by the named Plaintiff, Defendants, and counsel, as defined in Paragraph 1(d), of the receiving party, by independent experts (pursuant to the terms of Paragraph 6), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A:

a. Senior and executive personnel who are required to participate in policy decisions with reference to this action;

b. Technical personnel of the parties with whom counsel for the parties find it necessary to consult, on the discretion of such counsel, in preparation for trial of this action; and

c. Stenographic and clerical employees associated with individuals identified above.

8. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the document may be shown the same.

9. All information which has been designated as “CONFIDENTIAL” or “CONFIDENTIAL – FOR COUNSEL ONLY” by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in Paragraph 1(d), except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

10. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal. The parties must meet and confer by video conference or in person prior to filing such motion in accordance with the undersigned’s Civil Chambers Rule. No application to file documents identified in Paragraph 1 under seal shall be made without the parties meeting and conferring.

11. An application to file a document under seal shall be served on opposing counsel and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, they must contact the Chambers of the judge who will rule on the application to notify the Court that an opposition to the application will be filed.

12. At any stage of these proceedings, any party may object to the designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. The parties must thereafter meet and confer via videoconference, or in person in accordance with Judge Pettit’s Civil Chambers Rules. If the dispute is not resolved consensually between the parties within fourteen (14) calendar days of receipt of such a written notice of objections, the parties may jointly request the Court’s assistance with the dispute in accordance with Judge Pettit’s Civil Chambers Rules. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

13. All confidential information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

14. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

15. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.

16. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged, as attorney work product, or protected by any other privilege or legal basis not otherwise addressed in this Order.

17. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information

designated as confidential information, provided that the contents of the information must not be disclosed.

18. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

19. Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

20. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

21. The restrictions and obligations set forth within this Order will not apply to any information that:

a. the parties agree should not be designated confidential information;

b. the parties agree, or the Court rules, is already public knowledge;

c. the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or

d. has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

22. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

23. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

24. This Order may be modified by agreement of the parties, subject to approval by the Court.

25. The Court may modify the terms and conditions of this Order sua sponte in the interests of justice or for public policy reasons. The parties prefer the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

26. Without separate court order, this Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

**IT IS SO ORDERED**.

Dated: November 4, 2026

HON. MICHELLE M. PETTIT
United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,________________________ (name), of____________________________ (address), declare under penalty of perjury I have read in its entirety and understand the Protective Order ("Order") that was issued by the United States District Court for the Southern District of California on November 4, 2026 in the case of JORGE GOMEZ-ORTIZ v. CITY OF SAN DIEGO; SDPD SERGEANT JASON GONZALEZ, in his individual capacity, CASE NO. 3:26-cv-0367-H-MMP. I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity, except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

Date: ______________________________________

Printed name: ________________________________

Title: ______________________________________

Signature: ___________________________________